UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL JOHNSON, <br>         Plaintiff, <br>     v. <br> A. JOHNSON, <br>         Defendant | Case No. CV 18-8111 SVW(JC) <br><br> ORDER DISMISSING ACTION WITHOUT PREJUDICE |

On September 19, 2018, plaintiff Carl Johnson, a prisoner in state custody proceeding *pro se*, formally filed a Complaint. The Complaint was not accompanied by either (1) the $400 filing fee (a $350 filing fee plus a $50 administrative fee); or (2) a Request to Proceed without Prepayment of Filing Fees with Declaration in Support (Form CV-60P), a certified copy of plaintiff's trust account statement (or institutional equivalent), and disbursement authorization. Accordingly, on September 20, 2018, the assigned United States Magistrate Judge issued an Order ("September Order") directing plaintiff, by not later than October 4, 2018, to either pay the full filing fee of $400 or to complete, sign and return an attached Request to Proceed Without Prepayment of Filing Fees with Declaration in Support (Form CV-60P), along with a certified copy of his trust account statement

for the past six months (or institutional equivalent) and a disbursement notification. See 28 U.S.C. § 1915(a); Local Rule 5-2. The September Order further cautioned plaintiff, in bold-faced print, that if plaintiff failed timely to comply with the September Order, the Complaint and this action may be dismissed based upon plaintiff's failure to pay the filing fee, failure timely to file an application to proceed in forma pauperis, and/or failure to comply with the September Order.

The deadline for Plaintiff to satisfy and respond to the September Order expired on October 4, 2018 – more than two weeks ago. To date, plaintiff has failed to do so and has not sought an extension of time or otherwise communicated with the Court since he originally filed the Complaint.

It is well-established that a district court may *sua sponte* dismiss an action where a plaintiff has failed to comply with a court order and/or unreasonably failed to prosecute. See Link v. Wabash Railroad Co., 370 U.S. 626, 629-33 (1962); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.) (as amended), cert. denied, 506 U.S. 915 (1992). In determining whether to dismiss an action for failure to prosecute or failure to comply with court orders, a district court must consider several factors, namely (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders). Dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted). Here, as at least the first three factors strongly support dismissal, the Court finds that plaintiff's unreasonable failure to prosecute his case and failure to comply with the September Order warrant dismissal.

The Court further finds that dismissal is appropriate because plaintiff has

failed to pay the full filing fee or to demonstrate that he is entitled to proceed without prepayment of such fee after having been afforded ample opportunity to do so.

IT IS THEREFORE ORDERED that this action is dismissed without prejudice and that Judgment be entered accordingly.

IT IS SO ORDERED.

DATED: October 23, 2018

_____
HONORABLE STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE